IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth D. McCraw,<br>Petitioner,<br><br>v.<br><br>Michael McCall, Warden<br>Respondent. | Case No. 2:09-2787-RMG-RSC<br><br>**ORDER** |

This is a *pro se* Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Magistrate has issued a Report and Recommendation that Respondent's motion for summary judgment should be granted. (Dkt. No. 30). Petitioner has filed objections to the R&R. (Dkt. No. 35). As explained herein, this Court agrees with the Report and Recommendation and grants Respondent's motion for summary judgment. Petitioner has failed to specifically object to the Report and Recommendation as he has simply restated the same arguments presented to the Magistrate in opposition to the motion for summary judgment.

## LAW/ANALYSIS

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court

may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Petitioner filed his "objections" on August 23, 2010. (Dkt. No. 35).

As directed by the Fourth Circuit, this Court may only consider objections to the Report and Recommendation that direct this Court to a *specific* error. All of Petitioner's "objections" merely restate word for word or rehash the same arguments presented in his return to Respondent's motion for summary judgment. (*See* Dkt. No. 26 *compare with* Dkt. No. 35). Therefore, Petitioner has not really provided this Court with objections to address.

Nonetheless, out of an abundance of caution and given Petitioner's *pro se* status, this Court reviewed the Record *de novo* and the Record reflects that Petitioner did not file an appeal to the Administrative Law Judge within thirty (30) days, but rather he waited over two years until January 1, 2004, to request another copy of the October 21, 2001, denial letter from the South Carolina Department of Pardon, Probation, and Parole Services. Six (6) months after Petitioner received another copy of the letter, Petitioner filed a Notice of Appeal in which he argued that the Parole Department did not have the authority to deny him annual review hearings. The South Carolina Administrative Law Court dismissed the appeal as untimely. Petitioner also filed an application for Post Conviction Relief claiming he was denied effective assistance of counsel and that the court lacked subject matter jurisdiction. The PCR was dismissed as untimely and the decision was upheld. As shown herein, the same is true with Petitioner's claim in this matter, it is untimely. Petitioner's action was filed on October 21, 2009, after the effective date of the Antiterrorism and Effective Death Penalty Act. Thus, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. In light of certain amendments, Congress created a one-year statute of limitations for filing habeas

petitions. *See* 28 U.S.C. § 2244. Petitioner had one year to file his federal habeas petition but failed to do so. In fact, Petitioner waited 4425 days before filing his petition and at no time was the limitation period tolled.

Based on the above authority and the Record in this matter, the Court finds no error of law made in the Magistrate's Report and Recommendation. Thus, this Court finds that the issues Petitioner has raised were correctly addressed by the magistrate. This Court will not address the same issues a second time.

## CONCLUSION

After a thorough review of the record, magistrate's Report and Recommendation, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety as the Order of this Court and the Respondent's motion for summary judgment is **GRANTED**. *See Lewis v. Eagleton*, 2010 WL 1903986 (D.S.C. May 10, 2010) (adopting the report and recommendation of the magistrate where the petitioner merely rehashed the same arguments presented to the magistrate).

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

                                                Richard Mark Gergel
                                                United States District Court Judge

October __, 2010
Charleston, South Carolina